# BALTIMORE CITY COURT.

Filed June 14, 1916.

MICHAEL A. McCORMICK
VS.
MARGARET JOHNSON, ET AL.

*Allan Cleaveland* for plaintiff.
*C. Arthur Eby* for defendants.

STANTON, J.—

The attachment issued in this case is for unliquidated damages. The motion to quash raises for determination

the sufficiency of the proceedings. The Complaint being

(1) That the declaration, if it be a declaration such as is required by the statute, is defective in not setting out specially and in detail the breach of contract complained of, verified by the affidavit of the plaintiff or someone in his behalf.

(2) That the declaration does not say the money has not been paid.

(3) That no affidavit is attached to the declaration, and the affidavit form as to non-residence does not gratify the statute.

As to the first point:

The statute does not prescribe the form of declaration nor set forth what it shall contain. It is sufficient if it sets out specially and in detail the breach. Now the special complaint for a failure to pay money is that it is due and owing. The form of the declaration and the sufficiency of its allegations as to the breaches complained of, must depend upon the character of the claim. Where it is for services rendered, it need not do more than allege that services were rendered for which money is due and owing, and this is the language of the special count of the declaration.

As to the second point:

It seems to me that while the declaration says this suit is instituted to recover the sum of $390 *due and owing* from the defendant, that the only reasonable inference is that is equivalent to alleging that it is unpaid.

(3) As the statute does not prescribe the form of the declaration, neither does it say what the affidavit shall set forth, but merely that the declaration shall be verified by the affidavit of the plaintiff.

The plaintiff has used the printed form of affidavit for absconding or non-resident debtors, in which he swears that the defendants are justly and bona fide indebted to him. What more could be said in an affidavit separately attached to the declaration?

The affidavit in this case is part of and attached to the very sheet which contains the declaration itself, and, therefore, could not be attached to the declaration any more effectively to make it part of the declaration itself, or show beyond question that it referred to the allegations therein.

For these reasons, while it may be inapt to have used this old form, I do not believe, for a claim of this character, it is so defective or fatal as to justify granting the motion, and, therefore, the motion will be overruled.